THE BALTIMORE AND HARFORD TURNPIKE COMPANY
*vs.* JOHN W. GARRETT.

*Construction of the Act of 1812, ch. 78, sec. 30—Toll demandable by Turnpike Company—Exemption from Toll—Personal privilege.*

By the Act of 1812, ch. 78, sec. 30, (incorporating the Washington Turnpike, and to the terms of which, by the Act of 1818, ch. 50, the Baltimore and Harford Turnpike Company is subjected,) it is provided: "that it shall not be lawful for the said Company to ask, demand or receive of or from any person or persons living on or adjacent to the said road, within three miles of any of the said gates or turnpikes, any toll for passing the said gate more than once in twenty-four hours." HELD:

That partial exemption from toll is a personal immunity having reference to the location of the residence of the person exempted. When therefore a person entitled to such exemption pays, or becomes liable to pay one toll, whether on a horse, cart or carriage, he is thereby exonerated from all further demand for tolls at that particular gate for the ensuing twenty-four hours.

APPEAL from the Baltimore City Court.

This action was brought by the appellant to recover from the appellee a certain amount claimed to be due for tolls. The case was submitted to the Court without the aid of a jury, upon an agreed statement of facts. By the account marked A, which it was admitted was correct according to the plaintiff's pretensions, the plaintiff charged the defendant toll once within each twenty-four hours upon each separate vehicle of the defendant passing through the first toll-gate within said time, the plaintiff claiming the right to charge for each separate vehicle once within the same twenty-four hours. The defendant claimed that the plaintiff had the right to ask and demand of him but *one* toll within the same twenty-four hours,

irrespective of the number of his vehicles that during said time might have passed through said gate, or the number of times each of said vehicles might have passed through said gate within the same twenty-four honrs.   It was also agreed that if the Court should be of the opinion which the plaintiff maintained, then judgment should be entered for the ·plaintiff, for the sum of $204.84 as. shown by account A, with such amount of interest as the Court might allow; but if the Court should be of the opinion that the defendant's interpretation of the charter of the ·appellant was correct, that judgment should be entered for the plaintiff, for the amount shown by account B, to wit, the sum of $107.04, with interest from the day of ·trial.

The Court rendered a verdict on the 31st of March, 1877, for the plaintiff, for $107.04, and judgment was ·entered on the verdict for said amount with interest from date.   The plaintiff appealed.

The cause was argued before BARTOL, C. J., STEWART, MILLER, ALVEY and ROBINSON, J., and re-argued on notes, when BOWIE and BRENT, J., participated in the decision.

*George Hawkins Williams,* for the appellant.

To show the error of the decision below, let it be considered thus for illustration: the appellee insists that when he once goes through the gate and pays his toll, all other of his vehicles, cattle, etc., for twenty-four hours must travel through free.

Now the toll to be paid is prescribed by sec. 16, of the Act of 1812, ch. 78.

· Let it then be supposed that Mr. Garrett, early in the morning rides through on a horse, and pays the six and a quarter cents in such section prescribed—a few moments afterwards 1000 of his sheep are driven 'through, for every 20 of which he is to pay $12\frac{1}{2}$ cents as prescribed by said section...................................................... $6.25

Suppose 1000 cattle belonging to him go through also, the Act says that *every* score shall pay 25 cents.. .............. ......... ....................................................$12.50

Suppose 100 of his four wheel vehicles go through also, the Act says, each shall pay, if with four horses, 37½ cents. .................................... ........ 37.50

What is the use of demanding under the Act anything for the above, if they are all made free by Mr. Garrett's riding through on a horse, and paying six and a quarter cents early in the day. It is not to be denied that *every one* of these, if owned by persons not setting up these pretensions, must pay these rates *every* time they pass through, but if the owner lives on land adjoining the road, within three miles of the gate, then *every one* of these pays but once, no matter how often *every one* of these may pass through during one day.

The whole Act must be read and construed as a whole, and not be read as the appellee claims by *one* word in *one* section.

He is to pay but once a day, but once for what? Will six and a quarter cents for himself and horse give the four horse wagon free passage, and free of the 37½ cents which the law exacts?

*John K. Cowen* and *E. J. D. Cross*, for the appellee.

The statute declares it to be unlawful for the company to exact from persons residing on the road, and within three miles of the toll-gate, "any toll for passing the said gate more than once in twenty-four hours."

This is certainly a limitation by the legislative grant to the appellant, on its right to charge for passing over its road. Its counsel concedes that it can charge all those who use its road, other than those situated like the appellee, full toll every time they pass its gates. But it can only charge toll *once* to the appellee during the twenty-four hours; and certainly the construction placed upon

the law by the appellant that it can charge one toll on each vehicle, &c., is an evasion of its charter, because if it charges the appellee, or others situated like him, after he or they have paid once, he or they certainly pay toll "more than once in twenty-four hours." *Owings vs. The Balto. and Reisterstown Turnpike,* 5 *H. & J.,* 84.

The immunity or privilege granted by the charter to persons living within three miles, and situated as the appellee is, is *personal.*

Being a personal exemption, it extends to and includes the servants and vehicles of the person which travel over the road for his purposes. *Passumpic Turnpike Co. vs. Langdon,* 6 *Vermont,* 546, 549; *Turnpike Co. vs. Fowler,* 24 *N. J. Law,* 205, 208; *Turnpike Co. vs. Belknap,* 17 *Johnson,* 33.

As to the rule of construction of charter provisions permitting tolls to be taken from the public, the uniform construction has been that all grants of privilege are to be construed liberally in favor of the public; and as against the grantees of a monopoly or franchise, they are to be strictly interpreted. *Sedgwick on the Construction of Statutory and Constitutional Law,* 292, (*2nd Ed.*)

The right to take the toll must be expressly given, the amount specified, the persons from whom it is to be exacted designated, and the time when it is to be paid stated; all these must clearly appear in the grant. Nothing is implied. Any ambiguity in the charter must operate against the corporation, and in favor of the public. It can claim nothing which is not clearly given it by the charter. *Perrine vs. Chesapeake and Delaware Canal Co.,* 9 *How.,* 172.

ALVEY, J., delivered the opinion of the Court.

This case was tried in the Court below on an agreed statement of facts, and the sole question raised depends upon the construction of the 30th section of the Act of

1812, ch. 78, which, by the Act of 1818, ch. 50, was made to regulate the appellant's right to exact toll of passengers, who live on or adjacent to the road, and within three miles of any of the gates or turnpikes. The section reads thus: "That it shall not be lawful for the said company to ask, demand, or receive of or from any person or persons living on or adjacent to the said road, within three miles of any of the said gates or turnpikes, any toll for passing the said gate more than once in twenty-four hours." It is admitted that the appellee lives on or adjacent to the appellant's road, and within three miles of one of the gates; and the question is, can he be required to pay toll at that particular gate more than once in twenty-four hours? This question, we think, upon the broad and unqualified terms of the statute, must be answered in the negative.

It is insisted by the appellant that it is entitled to charge those living on or adjacent to the road, and within three miles of a gate, one full toll in each twenty-four hours, for each separate wagon or vehicle of such persons passing through the gate; and supposable cases are stated to illustrate the hardship and great injustice that would be done by a contrary construction. But, though apparently hard upon the appellant, the terms of the statute are too broad and imperative to admit of the construction for which the appellant contends. It is expressly forbidden to demand of or receive from any such person, *any* toll for passing the gate *more than once* in twenty-four hours. The toll is a personal exaction, regulated with reference to the nature of the vehicles or the number of animals, taken through the gates; and, consequently, the exemption from toll is a personal immunity, having reference to the location of the residence of the party exempted. When, therefore, a party entitled to the partial exemption pays, or becomes liable to pay, one toll, whether it be on a horse, cart or carriage, he is thereby exonerated from

all further demand for tolls at that particular gate, for the ensuing twenty-four hours; the company having no right to demand or receive, at that gate, any other toll from him during the period mentioned. Any other construction would do violence to the plain language of the statute; and as it was upon this construction that the judgment appealed from was entered, that judgment must be affirmed.

*Judgment affirmed.*

(Decided 25th July, 1878.)

STEWART, BRENT and ROBINSON, J., dissented.